IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE R. FRANCO-RIVERA, et al.

    Plaintiffs,

              v.

**Civil No. 11-1414 (SEC)**

FIRSTBANK d/b/a Firstbank Puerto Rico

    Defendant.

**OPINION and ORDER**

Before the Court are defendant' ("Defendant") motion to dismiss under Fed.R.Civ.P. 12(b)(6) (Docket # 9), and plaintiffs' ("Plaintiffs") opposition thereto (Docket # 18). After reviewing the record and the applicable law, Defendant's motion is **GRANTED**.

**Background**

After a four-year long foreclosure litigation in state court, on the verge of an imminent ejection, Plaintiffs filed this suit seeking redress for damages allegedly suffered during the state proceedings. Docket # 2. Although Plaintiffs' complaint fails to explicitly state the legal predicate under which it arises, the factual allegations are uncomplicated. In fact, the following remarks from Plaintiffs' complaint neatly capture the essence of their factual allegations:

> The defendant Bank, by its official legal representation in Civil Case number ECD2007-0432 filed in the Superior Court of Puerto Rico, Caguas Part, entered and followed a premeditated and conscientious incommunication [sic] scheme to prevent and disallow the herein plaintiff, therein defendant, to exercise, to his sole discretion, those measures and efforts to save his proprietary interest in the aforementioned property, be it by seeking financing with another Bank, obtaining a loan from other sources, renting the property with a purchase option, bartering, selling it or even filing for Bankruptcy relief.

Docket # 2, ¶ 26.

After preliminary procedural nuances, Defendant moved to dismiss the complaint on res judicata grounds, among other things. Docket # 9. To support their motion, Defendant has

provided the Court with record entries of the foreclosure proceedings showing that the state court rejected, after a hearing, the same allegations now pending before this Court. Docket # 14. Defendant has also supplemented the record with copies of notifications issued by the Puerto Rico Court of Appeals and the Puerto Rico Supreme Court denying *certiorari* and reconsideration petitions Plaintiffs filed in each of those forums challenging the state court decision. Id. Plaintiffs, however, oppose these contentions, arguing that res judicata is inapplicable to this case. Docket # 18.

**Standard of Review**

A motion to dismiss under rule 12(b)(6) premised on an affirmative defense such as res judicata may be appropriate if "the facts that establish the defense . . . [are] definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice." In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003). Moreover, "the facts so gleaned must conclusively establish the affirmative defense." Id.

**Applicable Law and Analysis**

Under the federal doctrine of res judicata, also referred to as claim preclusion, a valid and final judgment is conclusive of a claim. If the judgment is for the plaintiff, the claim is extinguished and merged in the judgment; if the judgment is for the defendant, the plaintiff is barred from reasserting the claim. Restatement of Judgments 2d § 17 (1980). Res judicata applies "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." Cromwell v. Sac County, 94 U.S. 351, 352 (1877); see also Blonder-Tongue Laboratories, Inc., v. University of Illinois Foundation, 402 U.S. 313, 329 (1971); Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322 (1979). In addition, "[o]nce there has been an adjudication on the merits . . . all claims which are 'part of the same cause of action' are extinguished, whether or not actually asserted in the original action." Kale v. Combined Ins. Co. of America, 924 F.2d 1161, 1164 (1st Cir. 1991). As a consequence of that doctrine,

3

"when a plaintiff pleads a claim in federal court, he must, to avoid the onus of claim-splitting, bring all related ... claims in the same lawsuit so long as any suitable basis for subject matter jurisdiction exists." Id. at 1165.

The policy behind the doctrine of res judicata, is "to relieve [the] parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." Apparel Art Intern. v. Amertex Enters. Ltd., 48 F.3d 576, 583 (1st Cir. 1995). The doctrine is "no mere matter of practice or procedure, but a rule of fundamental and substantial justice, of public policy and of private peace, which should be cordially regarded and enforced by the courts." Kale, 924 F.2d at 1168 (internal quotations marks omitted). Therefore, the First Circuit Court of Appeals has mandated a steadfast adherence to the doctrine. Id. ("Any idiosyncratic unfairness that may result from the consistent and straightforward application of preclusion principles is . . . far outweighed by the systemic benefits which flow from steadfast adherence to so salutary a doctrine."). In fact, although the First Circuit has recognized that an occasional exception to the rule may exist in order to prevent "unusual hardship," it has yet to find a specific instance where it would apply. Id.; see also Rose v. Town of Harwich, 778 F.2d 77, 82 (1st Cir. 1985) ("If, as the Restatement suggests, there may nonetheless be an occasional exception to prevent unusual hardship, this case does not fall within it. This is not a case in which the plaintiff has 'clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for an extraordinary reason.'") (citations omitted).

Three elements are required to establish res judicata: (1) that there is a final judgment on the merits in a prior action; (2) that the parties in the prior and the subsequent action are sufficiently identical; and (3) that the causes of action in the two cases are sufficiently identical. Breneman v. U.S. ex rel. F.A.A., 381 F.3d 33, 38 (1st Cir. 2004).

In this case, Defendant's contentions are correct. A cursory review of the record shows that all the elements of the res judicata doctrine concur in this case—i.e., the same parties litigated the same claims in a prior proceeding that resulted in a final judgment on the

merits. Accordingly, Defendant's motion to dismiss is **GRANTED**.

**Conclusion**

For the reasons discussed above, this case is **DISMISSED with prejudice.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of December, 2011.

> s/ Salvador E. Casellas
> SALVADOR E. CASELLAS
> U.S. Senior District Judge